\*\*NOT FOR PRINTED PUBLICATION\*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ALEX GARZA | § | |
| VS. | § | CIVIL ACTION NO. 9:19cv216 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING OBJECTIONS AND ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Alex Garza, an inmate confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a prison disciplinary conviction.

The court previously referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and the applicable orders of this Court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this matter. The Magistrate Judge recommends the petition be dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation.

The court has conducted a *de novo* review of the objections. After careful consideration, the court is of the opinion that petitioner's objections are without merit. Because the punishment imposed as a result of the disciplinary conviction will not have a direct effect on the fact or duration of petitioner's confinement, he may not challenge the disciplinary conviction in a petition for writ of habeas corpus. Petitioner contends that his disciplinary conviction could delay his release on parole and therefore have an effect on the duration of his confinement. However, even if it could be concluded that this fact would make petitioner's challenge to the disciplinary conviction

cognizable in a habeas proceeding, he would still not be entitled to relief in this matter. An inmate only has a right to due process of law in connection with a prison disciplinary proceeding if the sanction imposed implicates a protected liberty interest. A Texas inmate's interest in release on parole is too speculative to give rise to a protected liberty interest because an inmate has no constitutional expectancy to release on parole. *Malchi v. Thaler,* 211 F.3d 953, 957 (5th Cir. 2000) ("any delay in [a petitioner's] consideration for release on parole cannot support a constitutional claim").

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ACCEPTED** as the opinion of the court. A final judgment shall be entered in accordance with the recommendation of the Magistrate Judge.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84; *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not demonstrate that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issues raised are subject to debate among jurists of reason. The factual and legal issues raised by petitioner have been consistently resolved

adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**So Ordered and Signed**

Jun 3, 2020

Ron Clark
Senior Judge